## NORTHERN PAC. R. CO. *v.* MEADOWS.

*(Circuit Court, D. Montana. April 13, 1891.)*

RAILROAD GRANTS—PRE-EMPTION CLAIM—ABANDONMENT.

In an action in the nature of ejectment by a railroad company claiming under a legislative grant on conditions subsequently fulfilled, a complaint, otherwise setting forth a good cause of action, is not rendered demurrable by the allegations that on a certain day, 14 years before the fulfillment of said conditions, one G. filed a declaratory statement, wherein he alleged settlement on and made pre-emption claim to the lands in controversy, but that said G. did not then or at any time make settlement on said lands, and that until subsequent to the time plaintiff claimed to have fulfilled its conditions no other entry or filing was made on the land, as, if these facts showed that a pre-emption claim had existed, it should be considered to have been abandoned.

At Law. Opinion on demurrer to complaint.

*F. M. Dudley, Cullen, Sanders & Shelton,* for plaintiff.

*Adkinson & Miller,* for defendant.

KNOWLES, J. This is an action in the nature of ejectment, brought by plaintiff to recover the possession of the S. E. ¼ of the S. W. ¼ of section 17, township 10 N., range 3 W. of the principal meridian for Montana, situate in Lewis and Clarke county, said state. Plaintiff sets forth in its complaint facts sufficient to show that it received from the United States a grant of every alternate section of land within 40 miles of the definite line of its railroad on each side thereof; said sections to be odd in number, not mineral, to which the United States had full title, not reserved, sold, granted, or otherwise appropriated, and free from pre-emption or other claims or rights, at the time the line of said road should be definitely fixed, and a plat thereof filed in the office of the commissioner of the general land-office. It also shows that the land in controversy is a portion of an odd section within the limits of said grant, not mineral in character, and that the same was public land, to which the United States had full title, not reserved, sold, granted, or otherwise appropriated, and free from pre-emption or other claims or rights, at the time the line of plaintiff's road was definitely fixed, and a plat thereof filed in the proper office; that the date when said line was definitely fixed and the plat thereof filed was on the 6th day of July, 1882. Plaintiff further sets forth that on the 27th day of November, 1868, one Jerome S. Glick filed in the United States district land-office for the district of Helena a declaratory statement under the provisions of the laws of the United States granting pre-emption rights to settlers upon the public domain, wherein he alleged settlement as of said November 27, 1868, upon, and made pre-emption claim to, the W. ½ of the S. E. ¼, the S. W. ¼ of the N. E. ¼, and the S. E. ¼ of the S. W. ¼, of said section 17. But plaintiff alleges upon information and belief that said Glick did not on said day or at any time make settlement upon said land, or any portion thereof, and did not at any time inhabit or improve the same, or erect a dwelling thereon; and that until subsequent

to said July 6, 1882, no other entry or filing was made upon said land in the United States land-office, but the same remained free and clear upon the records of said land-office, except for the claims of said plaintiff aforesaid. To this complaint the defendant filed a general demurrer, to the effect that the complaint does not state facts sufficient to constitute a cause of action. Much that is set forth in this complaint, it appears to me, was not required by good pleading. The allegations of the filing of a claim to pre-empt said premises in dispute by Glick, and then the facts which it is claimed show that the claim of said Glick was void, appear more as if plaintiff had attempted to set up the supposed defense of defendant, and then facts which show that there is no validity in this defense. What, undoubtedly, plaintiff had in view in these allegations was the showing that the land in dispute was not excepted from plaintiff's grant. There was no objection made to this mode of pleading, but, on the contrary, in the argument of the demurrer it seemed to be admitted that this was a proper mode of presenting the issues involved, and the very statements which appeared to me to be unnecessary to a statement of plaintiff's cause of action were seized upon as material allegations, which showed that plaintiff had no standing in court. I shall, then, consider the case as presented. In the case of *Railroad Co. v. Cannon,* 46 Fed. Rep. 237, (decided by this court at this term,) it was held that the title the plaintiff had to the lands granted it by congress was a legal title. In the case of *Railroad Co.* v. *Sanders,* 46 Fed. Rep. 239, (decided also by this court at this term,) it was held that plaintiff received title to such lands as were public lands, to which the United States had full title, not reserved, sold, granted, or otherwise appropriated, and free from pre-emption or other claims or rights, at the time the line of plaintiff's railroad was definitely fixed, and a plat thereof filed in the office of the commissioner of the general land-office. The question presented in this case is as to whether the facts show that such a pre-emption claim had attached to the land in dispute as to bring it within the exceptions in plaintiff's grant. It should appear that such a claim existed at the time the permanent route was fixed. If any such claim had existed at any time I think at that time it should be considered as abandoned. A person who only files a claim to pre-empt land from the United States, and who for 10 years thereafter fails to make any settlement upon the same, or any improvements thereon, ought to be considered as having relinquished any claim he had ever made upon such property. I may say further I do not think the fact of making a filing alone of an application to pre-empt land, unaccompanied by any other acts, ought to be considered a pre-emption claim at all, as that term is understood in law. As I do not think plaintiff has stated sufficient facts to negative the good cause of action he has undoubtedly stated in other parts of his complaint, the demurrer will be overruled. It is therefore ordered that the demurrer of defendant be, and the same is hereby, overruled.